IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIAM COY POST, JR.,          )
                                )
        Petitioner,             )
                                )
vs.                             )    Case No. CV 99-BU-3084-S
                                )
ROY HIGHTOWER, Warden;          )
ATTORNEY GENERAL OF             )
THE STATE OF ALABAMA,           )
                                )
        Respondents.            )

**MEMORANDUM OPINION**

This is an action by an Alabama state prisoner pursuant to 28 U.S.C. § 2254, challenging the constitutional validity of the conviction he received in the Jefferson County Circuit Court on March 24, 1995, for murder. The petitioner, William Coy Post, Jr., filed his *pro se* petition for writ of *habeas corpus* on November 18, 1999. He is incarcerated at the Kilby Correctional Facility in Mount Meigs, Alabama.

**Procedural History**

On February 24, 1995, the petitioner was found guilty of murder, in violation of Alabama code § 13A-6-1, after a jury trial in the Circuit Court of Jefferson County. He was sentenced on April 5, 1995 to 32 years in prison. Petitioner appealed his

conviction and the Alabama Court of Criminal Appeals affirmed the conviction in a memorandum opinion on May 24, 1996. The petitioner applied for rehearing, which was overruled on July 3, 1996. Petitioner then sought a writ of *certiorari*, which the Alabama Supreme Court denied on November 22, 1996.

On August 28, 1997, the petitioner filed a petition in the trial court pursuant to Alabama Rule of Criminal Procedure 32. The Rule 32 petition was denied on October 31, 1997, and petitioner appealed from the denial. The Alabama Court of Criminal Appeals affirmed the denial on May 29, 1998. Petitioner sought rehearing in the Alabama Court of Criminal Appeals, but his motion was overruled on August 14, 1998. Petitioner then sought a *writ of certiorari* from the Alabama Supreme Court, and the petition was denied on November 20, 1998.

On November 18, 1999, the petitioner filed his *pro se* petition for writ of habeas corpus. Petitioner supported his petition with a brief filed contemporaneously. Pursuant to the court's order to show cause, the respondents filed an answer on January 19, 2000, contending that the petition is time-barred by operation of 28 U.S.C. § 2244(d)(1). Petitioner responded by filing a traverse on January 27, 2000, and additional materials on March 1, 2000.

By order dated February 7, 2000, the parties were notified that the petition would be considered for summary disposition, and the petitioner was notified of the provisions and consequences of this procedure under Rule 8 of the Rules Governing § 2254 Cases.

## Timeliness

The respondents raise the issue that the instant petition may not be considered by the court because it is time-barred pursuant to 28 U.S.C. § 2244(d). The court notes that more than a year elapsed from the time the petitioner's conviction became final to the date of the filing of this action.

Section 2244(d), enacted April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act of 1996, established for the first time a one-year deadline for the filing of *habeas* actions under § 2254 challenging the validity of state criminal convictions. The one-year limitation runs from the latest of any of four dates, only one of which applies to this case, however, and that is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The limitation period is subject to tolling under § 2244(d)(2), which states: "The time during which a properly

filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Subsection 2244(d)(2) provides for the tolling of the limitation period during those times the petitioner has pending a "properly filed" post-conviction petition in state court. The term "properly filed application" is not defined by the statute.

Turning to the facts of this case, the petitioner's judgment of conviction became final on November 22, 1996, when the Alabama Supreme Court denied the petition for *writ of certiorari* filed after the Alabama Court of Criminal Appeals affirmed petitioner's conviction. Petitioner then had 90 days in which he could have petitioned the United States Supreme Court for a *writ of certiorari*. At the end of that 90-day period, February 20, 1997, the one-year limitation began to run, causing any petition filed later than February 20, 1998, to be untimely. However, petitioner on August 28, 1997, filed a timely Rule 32 petition in the trial court. Pursuant to § 2244(d)(2), the limitations period was tolled with the filing of that petition. The Rule 32 petition was denied by the trial court, the denial was affirmed by the appeals court, and finally, on November 20, 1998, the Alabama Supreme Court denied

-4-

*certiorari*.  Petitioner again had 90 days in which to seek relief from the United States Supreme Court, but he did not file any petition for *writ of certiorari*.  Consequently, the one-year time period began to run again on February 19, 1999.

Between the time petitioner's conviction became final and his Rule 32 petition was filed, 190 days of his 365-day limitations period expired.  As a result, when the limitations period began to run again on February 19, 1999, petitioner had 175 days remaining in which he could file a timely habeas petition in this court.  Petitioner's deadline, therefore, was August 13, 1999, but he did not file the instant petition until November 20, 1999, more than three months after the time expired.

The petitioner's *habeas* petition is untimely under § 2244(d), even allowing for the tolling during the pendency of his Rule 32 adjudication.  The instant petition is, therefore, time barred and due to be dismissed.

### Conclusion

Accordingly, for the reasons stated above, the petition for writ of *habeas corpus* under 28 U.S.C. § 2254 is due to be dismissed with prejudice as barred by 28 U.S.C. § 2244(d).

A separate order will be entered.

The Clerk is DIRECTED to serve a copy of this Memorandum Opinion and the Order issued simultaneously herewith upon the petitioner and upon counsel for the respondents.

DATED this 30th day of June, 2000.

H. DEAN BUTTRAM, JR.
U.S. DISTRICT JUDGE